18-55065

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**SOUTHERN CALIFORNIA GAS COMPANY,**

                          Plaintiff-Appellant,

      v.

**DEPARTMENT OF INDUSTRIAL RELATIONS; et al.,**

                    Defendants-Appellees.

---

On Appeal from the United States District Court
for the Central District of California

No. 2:17-cv-05140-DSF
The Honorable Dale S. Fischer, Judge

**STATE DEFENDANTS' ANSWERING BRIEF**

Xavier Becerra
Attorney General of California
Thomas S. Patterson
Senior Assistant Attorney General
Tamar Pachter
Supervising Deputy Attorney General
Jose A. Zelidon-Zepeda
Deputy Attorney General
State Bar No. 227108
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3879
  Fax: (415) 703-1234
  Email:
  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants State of California Department of Industrial Relations, et al.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1

STATEMENT OF JURISDICTION ........................................................... 2

STATEMENT OF THE ISSUES .................................................................. 2

STATEMENT OF THE CASE ..................................................................... 3

    I.      The Catastrophic Gas Leak at SoCalGas's Aliso
            Canyon Facility. ............................................................... 3

    II.     Cal/OSHA Issued Administrative Citations
            Against SoCalGas, Which Sought Administrative
            Review Before the Appeals Board. ............................... 4

    III.    Hundreds of Lawsuits Were Filed in State Court
            Regarding the Aliso Canyon Leak. .............................. 6

    IV.    Although the PSA Regulates Safety Standards for
            Gas Facilities, Recent Legislation Under the
            PIPES Act Significantly Modified the Federal
            Regulatory Scheme as Applied to Underground
            Gas Storage Facilities Like the One at Issue Here. ........ 7

    V.  The District Court Dismissed the Action Against the
            State Defendants Under *Younger* Abstention. ................. 9

SUMMARY OF ARGUMENT ................................................................... 11

STANDARD OF REVIEW ......................................................................... 13

ARGUMENT ............................................................................................... 13

    I.      The District Court Correctly Concluded that *Younger*
          Abstention Bars SoCalGas's Attempt to enjoin the State
          Administrative Proceedings. .................................... 13

          A.    The Prerequisites for Abstention Are Met. .................. 13

          B.    The Limited "Readily Apparent" Exception to
              Abstention Is Not Implicated Here. ............................. 15

# TABLE OF CONTENTS
## (continued)

II.   Alternatively, the District Court Erroneously Concluded
      that the Anti-Injunction Act Does Not Bar SoCalGas's
      Request to Enjoin the Cal/OSHA Quasi-Judicial
      Proceedings. ........................................................................... 20

      A.   SoCalGas's PSA Preemption Claim Does Not
           Escape the Act's Strictures. ......................................... 21

      B.   The Quasi-Judicial Cal/OSHA Proceedings Are
           Protected by the Act. .................................................... 25

CONCLUSION ............................................................................................ 29

STATEMENT OF RELATED CASES ...................................................... 30

# TABLE OF AUTHORITIES

**Page**

C<small>ASES</small>

*Amalgamated Clothing Workers of Am. v. Richman Bros.*
  348 U.S. 511 (1955).................................................................... 23

*Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*
  398 U.S. 281 (1970)............................................................. 21, 23

*Averitt Exp., Inc. v. Sullivan*
  837 F. Supp. 378 (M.D. Ala. 1993)....................................... 28

*Baggett v. Dep't of Prof'l Regulation, Bd. of Pilot Comm'rs*
  717 F.2d 521 (11th Cir. 1983) ................................................ 17

*Bendix Forest Prods. Corp. v. Div. of Occupational Saf. & Health*
  25 Cal.3d 465 (Cal. 1979) .........................................................5

*Bud Antle, Inc. v. Barbosa*
  45 F.3d 1261 (9th Cir. 1994) ..................................... 17, 25, 26

*California v. Randtron*
  284 F.3d 969 (9th Cir. 2002) .................................................. 21

*Chick Kam Choo v. Exxon Corp.*
  486 U.S. 140 (1988).................................................................. 24

*Cty. of Sacramento v. Assessment Appeals Bd. No. 2*
  32 Cal.App.3d 654 (Cal. Ct. App. 1973)................................ 26

*Employ. Res. Mgmt. Co., Inc. v. Shannon*
  65 F.3d 1126 (4th Cir. 1995) ........................................... 23, 25

*Ezzy v. Workers' Compensation Appeals Bd.*
  146 Cal.App.3d 252 (Cal. Ct. App. 1983)............................. 27

# TABLE OF AUTHORITIES
## (continued)

Page

*FedEx Ground Package System, Inc. v. Ingenito*
    86 F. Supp. 3d 1121 (E.D. Cal. 2015) .................................................... 19

*Fremont Indemnity Co. v. Workers' Comp. Appeals Bd.*
    153 Cal.App.3d 965 (Cal. Ct. App. 1984)............................................. 27

*Gibson v. Berryhill*
    411 U.S. 564 (1973)............................................................................ 28

*Grand Metropolitan PLC v. Pillsbury Co.*
    702 F. Supp. 236 (D. Ariz. 1988) ........................................................ 19

*Hirsh v. Justices of Supreme Court of State of Cal.*
    67 F.3d 708 (9th Cir. 1995) (per curiam) ............................................ 14

*Hughes v. Atty. Gen'l of Fla.*
    377 F.3d 1258 (11th Cir. 2004) ........................................................... 16

*Lee v. Burlington Northern Santa Fe Ry. Co.*
    245 F.3d 1102 (9th Cir. 2001) ............................................................. 21

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*
    457 U.S. 423 (1982)............................................................................ 14

*Mitchum v. Foster*
    407 U.S. 225 (1972)...................................................................... 22, 24

*Nat'l R.R. Passenger Corp. v. State of Fla.*
    929 F.2d 1532 (11th Cir. 1991) ........................................................... 23

*New Orleans Public Service, Inc. v. Council of City of New Orleans*
    491 U.S. 350 (1989)............................................................................ 15

*Olympic Pipe Line Co. v. City of Seattle*
    437 F.3d 872 (9th Cir. 2006) ...................................................... 7, 8, 18

iv

# TABLE OF AUTHORITIES
## (continued)

Page

*Prentis v. Atlantic Coast Line Co.*
    211 U.S. 210 (1908)................................................................ 27

*Quackenbush v. Allstate Ins. Co.*
    121 F.3d 1372 (9th Cir. 1997) ................................................ 21

*Rick's Elec. Inc. v. Cal. Occupational Safety & Health*
    *Appeals Bd.*
    80 Cal.App.4th 1023 (Cal. Ct. App. 2000).......................... 5, 26

*San Jose Silicon Valley Chamber of Commerce Political Action*
    *Committee v. City of San Jose*
    546 F.3d 1087 (9th Cir. 2008) .......................................... 13, 14

*Sprint Communications, Inc. v. Jacobs*
    571 U.S. 69 (2013).................................................................. 14

*Terminix Intern. Co., L.P. v. Rocque*
    210 F. Supp. 2d 97 (D. Conn. 2002) ...................................... 16

*Tex. Employ.'s Ins. Ass'n v. Jackson*
    862 F.2d 491 (5th Cir. 1988) .................................................. 24

*Tingey v. Pixley-Richards West, Inc.*
    953 F.2d 1124 (9th Cir. 1992) ................................................ 12

*Town of Springfield, VT v. McCarren*
    549 F. Supp. 1134 (D. Vt. 1982) ............................................ 28

*Trerice v. Pedersen*
    769 F.2d 1398 (9th Cir. 1985) ................................................ 13

*U.S. v. Alpine Land & Reservoir Co.*
    174 F.3d 1007 (9th Cir. 1999) ................................................ 13

*U.S. v. Vongxay*
    594 F.3d 1111 (9th Cir. 2010) ................................................ 26

# TABLE OF AUTHORITIES
## (continued)

Page

*Vendo Co. v. Lektro-Vend Corp.*
   433 U.S. 623 (1977)..........................................................................24, 25

*Washington Gas Light Co. v. Prince George's Cty. Council*
   711 F.3d 412 (4th Cir. 2013) ......................................................................8

*Woodfeathers, Inc. v. Washington Cty., Or.*
   180 F.3d 1017 (9th Cir. 1999) ....................................................16, 17, 19

*Younger v. Harris*
   401 U.S. 37 (1971)............................................................................*passim*

**STATUTES**

28 U.S.C.
   § 1291 ...........................................................................................................2
   § 1331 ...........................................................................................................2
   § 2283 .....................................................................................21, 22, 24

42 U.S.C.
   § 1983 ..................................................................................................24

49 U.S.C.
   § 60101 ..............................................................................................1, 9
   § 60102(a)(1) .............................................................................................7
   § 60102(a)(2) .............................................................................................7
   § 60104(c) ...........................................................................................8, 9, 18
   § 60141 ...........................................................................................8, 18, 19
   § 60141(e) .........................................................................................8, 9, 18

California Code of Regulations, Title 8
   § 350.4 ..................................................................................................26
   § 372.2 ..................................................................................................26
   § 382 ......................................................................................................26

# TABLE OF AUTHORITIES
## (continued)

Page

California Labor Code
§ 6300 ...............................................................................................4
§ 6307 ...............................................................................................5
§ 6627 ...............................................................................................5

COURT RULES

Fed. R. App. P. 4(a)(1)(A) ...............................................................2

OTHER AUTHORITIES

Agricultural Labor Relations Act ................................................. 25

Anti-Injunction Act ...................................................................... 29

Pipeline Safety Act .............................................................. *passim*

Protecting our Infrastructure of Pipelines Enhancing Act of
2016 ................................................................................ *passim*

# INTRODUCTION

A natural gas storage well owned and operated by Plaintiff-Appellant Southern California Gas Company (SoCalGas) blew out in October 2015, causing the largest natural gas leak in U.S. history. This catastrophic leak, commonly known as the Aliso Canyon or Porter Ranch gas leak, prompted a mass evacuation of residents and a shut down of the facility. In the leak's aftermath, various state and local government entities as well as thousands of private parties sued SoCalGas in state court. Separate from those proceedings, the California Occupational Safety and Health Administration (Cal/OSHA) inspected the Aliso Canyon facility and cited SoCalGas for violating California workplace regulations.

In an effort to short-circuit these ongoing state judicial and quasi-judicial administrative proceedings, SoCalGas sued in federal district court, arguing that they were preempted by the federal Pipeline Safety Act (PSA), 49 U.S.C. § 60101 *et seq.*, and seeking to enjoin them. But as the district court rightly concluded, *Younger* abstention bars this suit because the pending state proceedings, both judicial and administrative, afford SoCalGas an opportunity to raise all its defenses, including federal preemption. SoCalGas seeks to undermine the application of *Younger*, arguing that the "readily apparent" exception to abstention applies given its federal

preemption claim.  But as the district court rightly concluded, SoCalGas did not establish that this strict exception applies here.  Alternatively, the Anti-Injunction Act bars a federal stay of state court proceedings except in limited circumstances, none of which are present in this case.

The district court properly dismissed the complaint, and this Court should affirm.

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction under 28 U.S.C. § 1331.  On December 20, 2017, the district court entered final judgment. (ER 1.)  SoCalGas appealed on January 16, 2018, (ER 16-17), which was timely.  Fed. R. App. P. 4(a)(1)(A).

This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I.  The *Younger* abstention doctrine precludes federal courts from intervening in ongoing state civil proceedings.  Here, SoCalGas sought to enjoin state administrative proceedings against it.  Did the District Court correctly conclude that *Younger* abstention required dismissal of the action against the California Department of Industrial Relations, the California Division of Occupational Safety and Health, the Cal/OSHA Appeals Board, and Chief Juliann Sum (the State Defendants)?

II.  The Anti-Injunction Act (the Act) generally prohibits federal courts from enjoining state court proceedings.  The district court declined to dismiss this action under the Act, concluding that the quasi-judicial administrative proceedings before the Cal/OSHA Appeals Board do not qualify as "state court proceedings" under the Act.  If this Court finds that *Younger* abstention does not apply, should the judgment nevertheless be affirmed on the alternative ground that the Act bars this action to enjoin ongoing state proceedings?

## STATEMENT OF THE CASE

### I.  The Catastrophic Gas Leak at SoCalGas's Aliso Canyon Facility.

Plaintiff-Appellant SoCalGas is a public utility serving customers in Southern California.  (ER 231 ¶ 14.)  SoCalGas sued the County of Los Angeles and certain local officials (the County Defendants), and the California Department of Industrial Relations (the Department) and other state entities involved in regulating workplace issues (the State Defendants).[1]

---

[1] The State Defendants are as follows:  the Department of Industrial Relations (the Department) is the state agency responsible for protecting the welfare and working conditions of workers in California.  (ER 231 ¶ 17.) The California Division of Occupational Safety and Health (Cal/OSHA) is

SoCalGas operates the Aliso Canyon natural gas storage facility. (ER 233.) This facility started leaking natural gas on or about October 23, 2015. (ER 234 ¶ 34.) It became the largest natural gas leak in U.S. history. (ER 4; SER 6-8.) Various state and local authorities became involved in the response to this leak, which was temporarily controlled on February 11, 2016. (ER 235 ¶¶ 35-36.) Multiple state authorities filed related civil complaints against SoCalGas, which were pending in Los Angeles County Superior Court when this lawsuit was filed in federal court. (*Id.* ¶ 38.) The State Defendants are not parties to the state court proceedings. (SER 2.)

## II. Cal/OSHA Issued Administrative Citations Against SoCalGas, Which Sought Administrative Review Before the Appeals Board.

The Department, through its Division of Occupational Safety and Health, has broad duties and powers under California law to protect workers and places of employment. "The division has the power, jurisdiction, and supervision over employment and place of employment in this state, which

---

the division within the Department tasked with implementing and enforcing occupational safety and health standards under the California Occupational Safety and Health Act, California Labor Code section 6300 *et seq.* (*Id.* ¶ 18.) Juliann Sum, sued in her official capacity, is the Chief of Cal/OSHA. (ER 232 ¶ 19.) The California Occupational Safety and Health Appeals Board (Appeals Board) is the judicial body within the Department that adjudicates appeals of citations or violations issued by Cal/OSHA. (ER 232 ¶ 20.)

is necessary to adequately enforce and administer all laws and lawful standards and orders . . . requiring such employment and place of employment to be safe," and the authority to "requir[e] the protection of the life, safety, and health of every employee in such employment or place of employment." Cal. Labor Code § 6307; *Bendix Forest Prods. Corp. v. Div. of Occupational Saf. & Health*, 25 Cal.3d 465, 470 (Cal. 1979).

Under the California Code of Regulations, a party objecting to a citation issued by Cal/OSHA can seek review through the Cal/OSHA Appeals Board. *See, e.g., Rick's Elec. Inc. v. Cal. Occupational Safety & Health Appeals Bd.*, 80 Cal.App.4th 1023, 1027 (Cal. Ct. App. 2000) ("The [California Occupational Safety and Health Appeals] Board is an independent adjudicatory agency responsible, among other matters, for resolving appeals from citations."). If still dissatisfied, a party can seek further review in the Superior Court. Cal. Labor Code § 6627.

On June 10, 2016, Cal/OSHA issued administrative citations to SoCalGas for workplace safety violations at the Aliso Canyon facility. (ER 230 ¶ 9; ER 243-44 ¶ 75.) Specifically, Cal/OSHA "issued four administrative citations alleging that SoCal Gas violated various California regulations related to occupational health and safety at its Aliso Canyon

underground storage facility." (*Id.*)  These administrative citations range from violation of regulations governing fire protection and firefighting equipment, to violation of regulations governing maintenance.  (*Id.*; ER 385-402.)  The penalties for these citations range from $900 to $25,000 dollars each, and total $60,800.  (ER 398.)[2]

SoCalGas appealed these citations through the established state process.  (ER 230 ¶ 9.)  In those proceedings, which were adjudicated by Defendant Cal/OSHA Appeals Board, SoCalGas raised multiple defenses, "including preemption by the PSA."  (*Id.*; ER 235 ¶ 39; ER 244 ¶ 77.)

### III.  Hundreds of Lawsuits Were Filed in State Court Regarding the Aliso Canyon Leak.

After the Aliso Canyon leak, the County of Los Angeles (separately represented co-defendant here) sued SoCalGas in California state court, raising various state law claims arising from the Aliso Canyon leak.  (ER 238 ¶ 54; SER 2.)  At the time Defendants moved to dismiss this action below, the County and SoCalGas had been litigating the state court action for a year and a half in a coordinated action entitled *Southern California Gas Leak Cases*, Judicial Council Coordination Proceeding No. 4861.  (SER 2 ¶

---

[2] SoCalGas asserts, without support, that these citations are "inconsistent with the CPUC's rules."  (AOB at 31.)  But as noted above, the citations focused on workplace safety issues.

2.)  This state litigation encompassed "over 200 lawsuits relating to the natural gas leak at the SoCalGas's Aliso Canyon storage facility."  (*Id.*)

The record reflects that SoCalGas participated at length in these state proceedings, including "repeated and frequent appearances before the court to address case status and argue motions," in ongoing discovery, and by submitting case management orders.  (SER 2-3 ¶¶ 3-5.)

### IV.  Although the PSA Regulates Safety Standards for Gas Facilities, Recent Legislation Under the PIPES Act Significantly Modified the Federal Regulatory Scheme as Applied to Underground Gas Storage Facilities Like the One at Issue Here.

The PSA's purpose is to "provide adequate protection against risks to life and property posed by pipeline transportation and pipeline facilities by improving the regulatory and enforcement authority of the Secretary of Transportation."  49 U.S.C. § 60102(a)(1); *Olympic Pipe Line Co. v. City of Seattle*, 437 F.3d 872, 877 (9th Cir. 2006).  To this end, the Secretary is required to "prescribe minimum safety standards for pipeline transportation and for pipeline facilities."  49 U.S.C. § 60102(a)(2).  In short, "the PSA generally authorizes the Secretary of Transportation to prescribe and enforce minimum safety standards for locating new [gas] facilities and for the design, installation, construction, inspection, and testing of those facilities."

*Washington Gas Light Co. v. Prince George's Cty. Council*, 711 F.3d 412, 420 (4th Cir. 2013).

The PSA contains different express preemption provisions, governing interstate and intrastate pipelines. *Olympic Pipe Line Co.*, 437 F.3d at 878. First, "[a] State authority may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportation." 49 U.S.C. § 60104(c). Second, a State authority that has submitted a current certification under the PSA "*may* adopt additional or more stringent safety standards for intrastate pipeline facilities and intrastate pipeline transportation only *if those standards are compatible* with the minimum standards prescribed" under the PSA. *Id.* (emphasis added).

Responding in part to the Alison Canyon leak, Congress passed the Protecting Our Infrastructure of Pipelines Enhancing Act of 2016 (PIPES Act). Effective June 22, 2016, 49 U.S.C. § 60141 specifically addresses "safety standards for underground natural gas storage facilities," which are here at issue. This section contains its own preemption provision, which states that a "State authority may adopt additional or more stringent safety standards for intrastate underground natural gas storage facilities" if these are compatible with applicable minimum standards. 49 U.S.C. § 60141(e).

As the district court noted, unlike the PSA, the PIPES Act "expressly permits a state agency to adopt additional regulations for intrastate underground natural gas storage facilities without first being certified by the PHMSA," the Pipeline and Hazardous Materials Safety Administration, a federal agency.  (ER 13 [comparing 49 U.S.C. §§ 60141(e) and 60104(c)].)

### V.  The District Court Dismissed the Action Against the State Defendants Under *Younger* Abstention.

SoCalGas sued the County of Los Angeles and certain local officials (the County Defendants), and the California Department of Industrial Relations (the Department) and other state entities that regulate the workplace (the State Defendants).  (ER 231-32 ¶¶ 17-20.)  SoCalGas claims that the Cal/OSHA citations "and their associated penalties and demands for abatement" are outside Cal/OSHA's jurisdiction, and are preempted by the federal Pipeline Safety Act (PSA), 49 U.S.C. § 60101, *et seq.*  (ER 230 ¶ 9; ER 244 ¶ 76.)  SoCalGas sought injunctive relief to "prevent Defendants from imposing or enforcing safety standards on [its] natural gas pipelines and underground storage facilities," including through administrative citations.  (ER 250 ¶ 109.)  It also requested attorney's fees and costs.  (ER 250-51.)

The district court dismissed the action against the County Defendants under the Anti-Injunction Act, but declined to dismiss the case against the State Defendants on this ground, reasoning that an "administrative tribunal" like Cal/OSHA is not covered by the Act. (ER 11.) Nevertheless, the court concluded that abstention barred the action against the State Defendants under *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.*) The court ruled that the *Younger* requirements are met because the Cal/OSHA proceedings were ongoing at the time SoCalGas filed this federal action, and those proceedings "provide an adequate opportunity [for SoCalGas] to raise constitutional challenges." (ER 12.)

SoCalGas argued against abstention, claiming that California does not have an important state interest in the Cal/OSHA administrative proceedings, because it was "readily apparent" that the state regulations at issue were preempted by federal law. (ER 92; 12-13.) The district court rejected these arguments, finding that California has a strong interest "in avoiding another major gas leak." (ER 12.) Moreover, SoCalGas had failed to show that the PSA preempted the state laws at issue. (ER 13.) "[A]fter the Aliso Canyon leak, Congress amended the PSA by passing the Protecting our Infrastructure of Pipelines Enhancing Safety Act of 2016

(PIPES Act),” which “expressly permits a state agency to adopt additional regulations for intrastate underground natural gas storage facilities without first being certified” by PHMSA, the regulating federal entity. (ER 13.) Thus, it was not “readily apparent” that the challenged Cal/OSHA actions were preempted by the PIPES Act, given that the issue is one of first impression. (ER 14.) Accordingly, *Younger* abstention applied. (*Id.*)

The district court permitted SoCalGas to file a sur-reply addressing the tentative ruling to dismiss the case against the State Defendants. (ER 14.) After reviewing the supplemental briefing, the court dismissed the complaint against the State Defendants on December 20, 2017. (ER 2.) SoCalGas timely appealed. (ER 16-17.)

## SUMMARY OF ARGUMENT

As is oft stated, federal courts are courts of limited jurisdiction, and numerous statutory and caselaw rules enforce this limitation. Two such limiting principles are at play here. Under *Younger* abstention, federal courts must abstain in deference to ongoing state proceedings. And under the Anti-Injunction Act, federal courts may not enjoin state judicial proceedings unless the requested relief falls within one of the Act’s limited exceptions. In this case, both rules prevent SoCalGas from trying to halt ongoing state proceedings. SoCalGas was sued in state court in hundreds of

cases arising from the Aliso Canyon gas leak.  After participating at length in these proceedings, including appealing the state administrative citations issued by the State Defendants, SoCalGas ran to federal court to assert federal preemption of state law, suing the State and County Defendants and requesting that the district court enjoin the state proceedings.  The district court properly declined to do so.

SoCalGas devotes much of its brief to discussing the preemptive effect of the PSA.  But that argument misses the point—the question this case raises is the appropriate *forum* for resolving SoCalGas's preemption defense (the merits of that defense notwithstanding).  Under both *Younger* and the Anti-Injunction Act, the state proceedings are the appropriate forum for SoCalGas to raise its preemption arguments.  Caselaw requires that "a defendant must raise federal preemption as a defense in the state cause of action, and seek redress for any erroneous rulings on the preemption issue in the state court system first."  *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1130 (9th Cir. 1992).  In other words, a federal preemption defense can be resolved in state proceedings; a defendant may not short-circuit ongoing state proceedings merely by asserting a preemption defense in federal court.

The district court correctly dismissed this case.

## STANDARD OF REVIEW

The district court's application of the *Younger* abstention doctrine is reviewed de novo. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 n.2 (9th Cir. 2008). Likewise, interpretation of the Anti-Injunction Act is a legal question reviewed de novo. *U.S. v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1011 (9th Cir. 1999).

This Court can affirm the judgment on any basis presented in the record. *Trerice v. Pedersen*, 769 F.2d 1398, 1400 (9th Cir. 1985).

## ARGUMENT

I. **THE DISTRICT COURT CORRECTLY CONCLUDED THAT *YOUNGER* ABSTENTION BARS SOCALGAS'S ATTEMPT TO ENJOIN THE STATE ADMINISTRATIVE PROCEEDINGS.**

The record below indicated that the Department issued administrative citations against SoCalGas, and SoCalGas challenged these before the Cal/OSHA Appeals Board before filing suit in federal court to enjoin the state proceedings. Under these circumstances, the district court properly abstained from hearing SoCalGas's preemption claims, which are barred by *Younger* abstention.

### A. The Prerequisites for Abstention Are Met.

As a general rule, federal courts should refrain from intervening in ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam) ("*Younger* and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."). This abstention doctrine, which derives from principles of equity, comity, and federalism, *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008), has been extended to non-judicial state civil proceedings akin to criminal prosecutions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

A federal court must abstain if three conditions are met: 1) the state proceedings are ongoing; 2) the proceedings implicate important state interests; and 3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Additionally, the Ninth Circuit requires that the federal proceeding "would enjoin the [state] proceeding or have the practical effect of doing so." *San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1092.

SoCalGas does not challenge the district court's conclusion that prongs 1 and 3 of the *Younger* requirements are met, but instead contends that "abstention is inappropriate because preemption is readily apparent." (AOB at 33.)[3] Moreover, although SoCalGas's opposition to the motion to dismiss argued that no important state interest was involved in the state proceedings, that argument was premised solely on the contention that the state proceedings are preempted. (ER 91-92.) The district court concluded that the "important state interest" requirement is met, (ER 12), and the opening brief does not challenge that determination. (AOB 33-41.) In other words, SoCalGas argues that the "readily apparent" exception to abstention is implicated. (AOB at 33-35.) This argument fails, as explained below.

## B. The Limited "Readily Apparent" Exception to Abstention Is Not Implicated Here.

The Supreme Court has left open the question whether a federal court should abstain when a plaintiff makes a "facially conclusive" claim of federal preemption. *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367 (1989). "Picking up on that language, a

---

[3] In any event, it is clear that prongs 1 and 3 are met because the state proceedings were ongoing at the time SoCalGas filed this suit below and those state proceedings allowed SoCalGas to raise its preemption claims. (ER 244 ¶ 77; ER 235 ¶ 39.)

number of courts of appeal have recognized that, although preemption claims are not to be given more deference in the *Younger* analysis than other constitutional claims, abstention is inappropriate when a preemption claim is 'facially conclusive,' or the preemptive effect of federal law is 'readily apparent.'" *Terminix Intern. Co., L.P. v. Rocque*, 210 F. Supp. 2d 97, 101 (D. Conn. 2002) (citing cases).  As the Eleventh Circuit has pointed out, "Regardless of the differences in semantics between the terms 'facially conclusive' and 'readily apparent,' their import is the same: only the clearest of federal preemption claims would require a federal court to hear a preemption claim when there are underlying state court proceedings and when that claim can be raised in the state forum." *Hughes v. Atty. Gen'l of Fla.*, 377 F.3d 1258, 1265 (11th Cir. 2004).

The Ninth Circuit holds that abstention is not warranted where federal preemption of the state law at issue is readily apparent. *Woodfeathers, Inc. v. Washington Cty., Or.*, 180 F.3d 1017, 1021 (9th Cir. 1999) (citation omitted).  Courts in this Circuit have held that federal preemption was "readily apparent" where the Supreme Court had previously decided the issue, where a state law fell under ERISA's express preemption clause, and where the federal regulatory jurisdiction of the employees in a bargaining

unit had previously been determined. *Woodfeathers, Inc.*, 180 F.3d at 1021 (citing cases); *see also Baggett v. Dep't of Prof'l Regulation, Bd. of Pilot Comm'rs*, 717 F.2d 521, 523-24 (11th Cir. 1983) (concluding that federal preemption of state disciplinary proceeding of marine pilot was readily apparent where Congress provided for exclusive jurisdiction over the control and direction of vessels in United States waters). In short, this exception to abstention does not hold that "abstention [is] never appropriate when a preemption claim is raised," or that "a determination of whether to abstain must turn on whether a state law is preempted." *Fresh Intern. Corp.*, 805 F.2d at 1361; *Woodfeathers, Inc.*, 180 F.3d at 1021.

For example, in *Bud Antle*, this Court held that preemption was "readily apparent" and thus that abstention was not warranted because the federal agency tasked with administering a statute had determined *in a dispute involving the same party* that the dispute fell under its jurisdiction. 45 F.3d at 1273. By contrast here, SoCalGas cites no prior determination that the Cal/OSHA citations are preempted by federal law. (ER 92.) SoCalGas's "readily apparent" argument relies entirely on the statutory text of the PSA and the PIPES Act, and *Olympic Pipe Line Co. v. Seattle*, 437 F.3d 872 (9th Cir. 2000). (*Id.*) This argument fails.

SoCalGas relies on 49 U.S.C. § 60104(c) to bolster its preemption claim, (ER 80, 87), but that provision focusses on "pipeline facilities" and "pipeline transportation." Effective June 22, 2016, 49 U.S.C. § 60141 specifically addresses "safety standards for underground natural gas storage facilities," which are here at issue. (ER 13.) This section contains its own preemption provision, which states that a "State authority may adopt additional or more stringent safety standards for intrastate underground natural gas storage facilities" if these are compatible with applicable minimum standards. 49 U.S.C. § 60141(e). As the district court pointed out, *Olympic Pipe Line Co.* holds that unauthorized state entities like Cal/OSHA may not regulate interstate or intrastate pipeline facilities. (ER 13.) But after the Aliso Canyon catastrophe, Congress amended the PSA by passing the PIPES Act, which "[u]nlike the PSA . . . expressly permits a state agency to adopt additional regulations for intrastate underground natural gas storage facilities" without being certified by the PHMSA, the federal regulatory agency responsible for regulatory activity under the PSA. (*Id.*) Thus, SoCalGas cannot establish that preemption here is "readily apparent." *See Grand Metro. PLC v. Pillsbury Co.*, 702 F. Supp. 236, 239

(D. Ariz. 1988) (rejecting application of "readily apparent" exception where state statute on its face had no significant impact on federal law).

As the district court aptly noted, "It is not clear that CAL/OSHA's actions are preempted by the PIPES Act, and the question appears to be one of first impression." (ER 14.) The district court was unaware of any other court to address this issue or even cite 49 U.S.C. § 60141, (*id.*), and as of the date of this filing, the State Defendants are unaware of any such cases (and SoCalGas has cited none). Thus, preemption of the State Defendants' actions is not apparent, much less *readily* apparent. *Woodfeathers, Inc.*, 180 F.3d at 1022 (federal preemption not "readily apparent" where issue was one of first impression); *see FedEx Ground Package System, Inc. v. Ingenito*, 86 F. Supp. 3d 1121, 1128 (E.D. Cal. 2015) (rejecting "readily apparent" exception to *Younger* abstention given the dearth of caselaw addressing issue).

SoCalGas argues at length regarding its interpretation of the PSA and how it interacts with the PIPES Act, in urging that an exception to abstention applies. (AOB at 34-40.) The opening brief thus relies on: 1) the statutory language of the PIPES Act; and 2) a federal agency's interpretation of the PIPES Act, which allegedly established preemption. (*Id.*) But this analysis

misses the point—as this Court has pointed out in this context, the question is not whether federal law preempts the state law at issue (which is far from clear), but whether such preemption is "readily apparent." *Fresh Intern. Corp.*, 805 F.2d at 1361. Given that there is no caselaw interpreting the PIPES Act at all, much less holding that it preempts the type of state regulation at issue here, SoCalGas has failed to establish that preemption of state law is "readily apparent."

## II. ALTERNATIVELY, THE DISTRICT COURT ERRONEOUSLY CONCLUDED THAT THE ANTI-INJUNCTION ACT DOES NOT BAR SOCALGAS'S REQUEST TO ENJOIN THE CAL/OSHA QUASI-JUDICIAL PROCEEDINGS.

The complaint also sought a court order enjoining the proceedings pending before the Cal/OSHA Appeals Board and the State Defendants' purported "continuing and threatened violation" of the PSA. (ER 251.) As the State Defendants argued below, the Anti-Injunction Act bars federal courts from enjoining the state judicial proceedings. (ER 182-84.) The district court rejected this argument. (ER 11.) Even if this Court is inclined to disagree with the trial court on abstention, it should nevertheless affirm the judgment under the Anti-Injunction Act.[4]

---

[4] Where, as here, a prevailing "party seeks to preserve, and not to change, the judgment," no cross-appeal is required. *Lee v. Burlington Northern Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001).

The Anti-Injunction Act, 28 U.S.C. § 2283, "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The general presumption is thus that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts," and ultimately, the United States Supreme Court. *Id.* at 287. The statute's exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297.[5]

## A. SoCalGas's PSA Preemption Claim Does Not Escape the Act's Strictures.

A party seeking an injunction against a state court action must establish that the situation fits into one of the statute's exceptions, specifically "as expressly authorized by Act of Congress, or where necessary in aid of its

---

[5] This bar applies even where "the injunction would technically be directed at a litigant instead of the state court proceeding itself." *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377 (9th Cir. 1997). And it applies to declaratory relief if it would have the same effect as an injunction. *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002).

jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. But SoCalGas's complaint does not allege that any of these exceptions apply. SoCalGas argues that the Anti-Injunction Act does not bar this action because the Pipeline Safety Act (PSA) authorizes injunctive relief. (ER 88-89.) This argument is meritless.

SoCalGas cites no caselaw supporting its contention that the mere fact that a federal statute authorizes injunctive relief frees it from the Anti-Injunction Act's limitations. (AOB 41-59.) The only exception SoCalGas relies on is the "as expressly authorized by Act of Congress" provision. (AOB at 42.) To qualify for this exemption, "an Act of Congress must have created a specific and uniquely federal right or remedy . . . that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 238 (1972). Federal preemption claims enjoy no favored status under the Anti-Injunction Act. Specifically, "a federal court does not have inherent power to ignore the limitations of [the Act] and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atl. Coast Line R. Co.*, 398 U.S. at 294; *see also Amalgamated*

*Clothing Workers of Am. v. Richman Bros.*, 348 U.S. 511, 515 (1955)

(rejecting argument that the Act "does not apply whenever the moving party

in the District Court alleges that the state court is 'wholly without

jurisdiction over the subject matter, having invaded a field pre-empted by

Congress'").

Although the Ninth Circuit apparently has not addressed this issue, the

caselaw in other circuits is uniform on this point.  As the Fourth Circuit

noted, "The circuits are in agreement that the existence of preemption does

not control application of the Anti-Injunction Act."  *Employ. Res. Mgmt.*

*Co., Inc. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir. 1995) (citing cases).

"The law is clear that a claim of federal preemption does not constitute an

exception to this absolute prohibition [the Anti-Injunction Act].  This is so

regardless of the merits of the federal preemption claim and the validity of

the federal or state courts' asserted jurisdiction over the controversy."  *Nat'l*

*R.R. Passenger Corp. v. Florida*, 929 F.2d 1532, 1535 (11th Cir. 1991); *see*

*also Tex. Employ.'s Ins. Ass'n v. Jackson*, 862 F.2d 491, 498 (5th Cir. 1988)

(same).

SoCalGas attempts to rely on *Mitchum* to bolster its argument that its

PSA preemption argument meets the Act's exemption.  (AOB at 43-59.)

But unlike 42 U.S.C. section 1983, which the Supreme Court held in *Mitchum* comes within this exception, the PSA does not create a unique federal right that could be frustrated if a federal court cannot enjoin state court actions. To the contrary, a party claiming federal preemption has an adequate remedy: to raise a preemption defense in state court proceedings, and, if unsuccessful, seek the full panoply of state judicial review. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149 (1988) ("[W]hen a state proceeding presents a federal issue, even a pre-emption issue, the proper course is to seek resolution of that issue by the state court.").

As the Supreme Court has emphasized, neither the purported "importance" nor the "potential restriction in scope" of a federal statute authorizing injunctive relief controls for purposes of the Act. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640 (1977). Citing the handful of federal statutes that qualify as exceptions to the Act, the Court stated, "[b]y limiting the statutory exceptions of § 2283 and its predecessors to these few instances, we have clearly recognized that the Act countenancing the federal injunction must necessarily interact with, or focus upon a state judicial proceeding." *Id.* at 640-41; *see also Employ. Res. Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir. 1995) (rejecting argument that claim

under ERISA qualified for exemption under the Act, and noting, "In order to escape the rather strict provisions of the Anti-Injunction Act, there must be some basis—beyond the desire to create a uniform federal system of law—to justify the complete exclusion of state courts from the process").

### B. The Quasi-Judicial Cal/OSHA Proceedings Are Protected by the Act.

SoCalGas separately argued—and the district court agreed—that the Act did not bar the claims against the State Defendants because "a state administrative tribunal—even if 'judicial in nature' is not a 'court' within the meaning of the Act."  (ER 11.)  This was error.  Although the Anti-Injunction Act does not bar injunctions against "administrative proceedings," *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261 (9th Cir. 1994), proceedings before the Appeals Board are quasi-judicial, rather than administrative.  *Bud Antle* presented the issue whether a federal court could enjoin proceedings before the California Agricultural Labor Relations Board, a state agency that administers the Agricultural Labor Relations Act. *Id.* at 1264, 1271.  This Court concluded that administrative proceedings are not protected by the limitations in the Act, but did not address proceedings before quasi-judicial entities.  *Id.* at 1271.  Accordingly, *Bud Antle* is not binding here.  *U.S. v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (noting

that "[l]egal rulings in a prior opinion are applicable to future cases only to the degree one can ascertain from the opinion itself the reach of the ruling") (citation omitted).

The Cal/OSHA Appeals Board is quasi-judicial in nature: its role is to adjudicate disputes regarding Cal/OSHA citations, it has a set of judicial rules governing its procedures, and has the authority to issue self-executing orders. *See, e.g.,* Cal. Code Regs., tit. 8, § 350.4 (self-executing order); § 372.2 (subpoena power); § 382 (contempt power). As the California Court of Appeal pointed out, "The [California Occupational Safety and Health Appeals] Board is an independent adjudicatory agency responsible, among other matters, for resolving appeals from citations." *Rick's Elec. Inc. v. Cal. Occupational Safety & Health Appeals Bd.*, 80 Cal.App.4th 1023, 1027 (Cal. Ct. App. 2000). Other California administrative appeals boards are similarly treated as judicial bodies under state law. *See, e.g., Cty. of Sacramento v. Assessment Appeals Bd. No. 2*, 32 Cal.App.3d 654, 663 (Cal. Ct. App. 1973) (Assessment Appeals Board is a "quasi-judicial body"); *Fremont Indemnity Co. v. Workers' Comp. Appeals Bd.*, 153 Cal.App.3d 965, 974 (Cal. Ct. App. 1984) (Workers' Compensation Appeals Board members "are officers of a judicial system performing judicial functions"); *Ezzy v. Workers'*

*Compensation Appeals Bd.*, 146 Cal.App.3d 252, 261 n.4 (Cal. Ct. App. 1983) ("Decisions of the Worker's Compensation Appeals Board are 'judicial' in nature.").

In *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210 (1908), which involved an attempt to enjoin a state commission from taking any steps to enforce an order fixing railroad passenger rates, the commission argued that federal courts cannot enjoin state court proceedings. *Id.* at 223. The Court noted that some of the commission's powers under state law were judicial in nature, while others were legislative, and concluded, "[w]e shall assume . . . that some of the powers of the commission are judicial, and we shall assume, without deciding, that, if it was proceeding against the appellees to enforce this order and to punish them for a breach, it then would be sitting as a court and would be protected from interference on the part of the courts of the United States." *Id.* at 226. Thus, *Prentis* left open the possibility that the Act precludes injunctions of a state entity having judicial attributes, and clarified that whether a state entity is judicial is a matter of state law. The Court similarly left this issue open in *Gibson v. Berryhill*, 411 U.S. 564 (1973). The district court in that case rejected application of the Act because the injunction sought was against a "state administrative body" rather than a

state court, to which the Court responded, "[w]hether this distinction is tenable in all circumstances—even where the administrative proceeding is adjudicatory or quasi-judicial in character—we need not decide here." *Id.* at 573 n.12.

Subsequently, courts outside this circuit have drawn a distinction between administrative agencies and quasi-judicial entities. "Where a state chooses to confer a part of its judicial business on an administrative agency and grants the agency the power to enforce its own orders, it makes that agency a part of the state's judicial apparatus." *Town of Springfield, VT v. McCarren*, 549 F. Supp. 1134, 1151 (D. Vt. 1982). In these circumstances, "[t]he same considerations of comity between parallel judicial systems that underlie the Anti-Injunction Act's bar against federal court interference with state court proceedings militate against interference with the agency's proceedings." *Id.*; *see also Averitt Exp., Inc. v. Sullivan*, 837 F. Supp. 378, 380 (M.D. Ala. 1993) (holding that the Anti-Injunction Act barred request to enjoin the Alabama Public Service Commission from enforcing its orders).

Because proceedings in the Cal/OSHA Appeals Board are judicial in nature, they are covered by the Anti-Injunction Act.

## CONCLUSION

For these reasons, this Court should affirm the district court's dismissal

order.

Dated:  October 15, 2018       Respectfully submitted,


XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
TAMAR PACHTER
Supervising Deputy Attorney General


s/ *JOSE A. ZELIDON-ZEPEDA*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendants State of*
*California Department of Industrial*
*Relations, et al.*

SA2018100197
42064161.docx

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**SOUTHERN CALIFORNIA GAS COMPANY,**

                Plaintiff-Appellant,

    **v.**

**DEPARTMENT OF INDUSTRIAL RELATIONS; et al.,**

              Defendants-Appellees.

---

**STATEMENT OF RELATED CASES**

    To the best of our knowledge, there are no related cases.

Dated:  October 15, 2018        Respectfully Submitted,

                        XAVIER BECERRA
                        Attorney General of California
                        THOMAS S. PATTERSON
                        Senior Assistant Attorney General
                        TAMAR PACHTER
                        Supervising Deputy Attorney General

                        *s/ JOSE A. ZELIDON-ZEPEDA*
                        JOSE A. ZELIDON-ZEPEDA
                        Deputy Attorney General
                        *Attorneys for Defendants State of California Department of Industrial Relations, et al.*

**Form 8.** **Certificate of Compliance Pursuant to 9th Circuit Rules 28-1.1(f), 29-2(c)(2) and (3), 32-1, 32-2 or 32-4 for Case Number** 18-55065

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the end of the brief.*

I certify that (*check appropriate option*):

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 28-1.1.
The brief is [blank] words or [blank] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☒ This brief complies with the length limits permitted by Ninth Circuit Rule 32-1.
The brief is 5530 words or [blank] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-2(b).
The brief is [blank] words or [blank] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable, and is filed by (1) ☐ separately represented parties; (2) ☐ a party or parties filing a single brief in response to multiple briefs; or (3) ☐ a party or parties filing a single brief in response to a longer joint brief filed under Rule 32-2(b). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the longer length limit authorized by court order dated [blank]
The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). The brief is [blank] words or [blank] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable.

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 32-2 (a) and is [blank] words or [blank] pages, excluding the portions exempted by Fed. R. App. P. 32 (f), if applicable. The brief's type size and type face comply with Fed. R .App. P. 32(a)(5) and (6).

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 29-2 (c)(2) or (3) and is [blank] words or [blank] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4.
The brief is [blank] words or [blank] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Signature of Attorney or Unrepresented Litigant    s/ Jose Zelidon-Zepeda          Date  October 15, 2018

("s/" plus typed name is acceptable for electronically-filed documents)

# CERTIFICATE OF SERVICE

Case Name: **_Southern California Gas_**     No.    **18-55065**
**_Company v. Department of_**
**_Industrial Relations, et al._**
**_(APPEAL)_**

I hereby certify that on <u>October 15, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' ANSWERING BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 15, 2018</u>, at San Francisco, California.

| M. T. Otanes | _s/ M. T. Otanes_ |
|:---:|:---:|
| Declarant | Signature |

SA2018100197
42064270.docx